## L. V. Thompson v. The State.

### No. 369. Decided January 19, 1910.

**Sodomy—Dismissal—Reinstatement—Want of Jurisdiction—Practice on Appeal.**

Where the record, on appeal from conviction of sodomy, showed that appellant had been convicted at a time when the court could not be legally held, but that the appeal had previously been dismissed for want of notice of appeal, the appeal will not be reinstated, but the case will pass off the docket under the decision of the court discharging him from the penitentiary

Appeal from the District Court of Howard. Tried below before the Hon. James L. Shepherd.

Appeal from a conviction of sodomy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Dallas Scarborough,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The appeal in this case was dismissed at the last term of the court for want of notice of appeal

given and entered of record in the trial court. It is now sought to reinstate the case by having the notice of appeal entered at a subsequent term of the trial court nunc pro tunc. It is unnecessary, in the condition of the case, to notice that question for the reason that this case has been disposed of under recent decision in Ex parte Thompson. In that case it was held that the term of court at which appellant had been convicted was illegal and the conviction had been obtained at a time when the court could not be legally held. Appellant was ordered to be discharged from the penitentiary to be tried at a proper term of the court. This is the same case disposed of in that opinion—the same proceedings and the same conviction. It would be useless to reinstate the case under the circumstances. The conviction being illegal there is nothing for this court to try, and the matter having been disposed of under the decision in Ex parte Thompson, the rehearing will here be denied. This case will pass off the docket under the decision discharging him from the penitentiary.

For the reasons stated the case will not be reinstated upon the docket and rehearing will therefore be denied without detriment to appellant in any future trial in the District Court.

*Rehearing denied.*

McCord, Judge, not sitting.

[This case did not reach the hands of the Reporter until June, 1910.—Reporter.]